```
            IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

LA-QUN RASHEED WILLIAMS,          :
                                  :
         Plaintiff                :
                                  :
    v.                            :     CIVIL NO. 3:CV-10-979
                                  :
JEFFREY BEARD, ET AL.,            :     (Judge Conaboy)
                                  :
         Defendants               :

_____

## MEMORANDUM
### Background

La-qun Rasheed Williams (Plaintiff), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.  By Order dated July 18, 2011, Plaintiff's identification of John Doe # 6 as being Stewardess Robert Anascavage and of John Doe # 7 as being Stewardess Jacob Davis was accepted by the Court.  See Doc. 107.  Davis and Anascavage are both employed in the food services department at SCI-Coal Twp.

Defendants Michael Weisner, M.D. and Physician's Assistant (PA) Brian Davis' motion to dismiss was granted by Memorandum and Order dated August 29, 2001.  See Doc. 119.  A Memorandum and Order issued on September 30, 2011 partially granted a motion seeking

1

partial dismissal[1] which was filed by the Commonwealth Defendants with the exception of Davis and Anascavage. Specifically, dismissal was granted in favor of the moving Commonwealth Defendants with respect to: (1) Williams' damage claims for monetary damages brought against the Commonwealth Defendants in their respective official capacities; (2) the allegations of being subjected to verbal harassment, attempted bribery, and harassment; (3) Plaintiff's claims of being the target of a conspiracy; (4) all claims against Defendants Barnacle, Beard, Ellett, Michael Miller, Novitsky, Shedleski, and Varano due to lack of personal involvement; (5) the claims of deliberate indifference by Defendant McCarty;(6) Williams' claims relating to the issuance of four misconduct charges by Lieutenants Fago, Fetterholf, and Knarr as well as any due process claims against Hearing Examiner Kerns-Barr; (7) the denial of telephone privileges on November 19, 2009; (8) the cell search claims; (9) the claims of mail interference with regards to the the yellow envelope, Mint Green and motorcyclist magazine related mailings; and (10) the contentions of retaliation, food deprivation, and being served food loaf.

As a result of the September 30, 2011 Memorandum and Order, the only surviving allegations against those Commonwealth Defendants are the claims that: (1) razor blade pieces were planted in Plaintiff's food and that (2) incoming mail from Williams' family was not delivered. Presently pending is a motion to dismiss

---

1. The motion sought dismissal of all claims except the allegations that Correctional Officers Kitchen and Fetterolf planted razor blade pieces in Plaintiff's food

(Doc. 109) filed by Defendants Davis and Anascavage which has been briefed and is ripe for consideration.

Plaintiff's Amended Complaint alleges that he was subjected to a "campaign of harassment" in retaliation for his initiation of institutional grievances. Doc. 15, p. 1. It describes Defendants Davis and Anascavage as being employed as "kitchen stewardess" and being responsible for "the preparation of food" at SCI-Coal Twp. Id. at ¶ 28.

Williams states that on January 21, 2010 he was housed in the SCI-Coal Twp. Restricted Housing Unit (RHU). During lunchtime on said date, he was delivered a food tray by Correctional Officers Kitchen and Fetterolf. Plaintiff alleges that as he "began to eat his sandwich on the third bite he felt something sharp." Id. at ¶ 125. According to the Amended Complaint, a piece of razor blade which was put in Plaintiff's sandwich had "sliced his tongue open." Id. The Amended Complaint asserts that Anascavage was present in the mess hall during lunch on January 21, 2010 and was observing the preparation of food being put on the RHU trays and escorting those trays to Plaintiff's housing unit. See id. at ¶ 137.

Plaintiff additionally alleges that he found "another razor blade in his contamed [sic] food which was delivered to him in the RHU on January 26, 2010. See id. at ¶ 151. Williams generally contends that Defendant Davis was the kitchen stewardess on duty during the relevant time period on January 26, 2010 and observed the preparation of the RHU food trays and then escorted said trays to Plaintiff's housing unit. See id. at ¶ 153. There are no additional claims asserted against either Davis or Anascavage in

3

the Amended Complaint.  Williams seeks injunctive and declaratory relief as well as punitive and compensatory damages.

## Discussion

Defendants Davis and Anascavage seek dismissal of Williams' action on the grounds that there are no material factual allegations which are sufficient to show personal involvement in the constitutional misconduct attributed to them.  See Doc. 110, p. 4.

Plaintiff has filed a motion (Doc. 112) requesting that Defendants Davis and Anascavage's motion to dismiss be denied and a supporting brief (Doc. 113).

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the

4

plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ____ , 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628,

5

638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Plaintiff's opposing brief acknowledges that he was delivered food trays by Correctional Officers Kitchen and Fetterolf on both January 21, 2010 and January 26, 2010 which contained pieces of razor blade. Doc. 113, p. 2. His brief adds that while he believes that Defendant Sergeant Peters conspired with Fetterolf and Kitchen in those alleged acts of misconduct he is "trying to establish" whether Davis and Anascavage were also part of a purported conspiracy to place razor blade pieces in his food or whether Fetterolf, Kitchen, and Peters were acting alone. See id. at p. 3

6

It is initially noted that this Court's Memorandum and Order of September 30, 2011 concluded that it was "clear that Plaintiff has failed to state a viable conspiracy claim against any Commonwealth Defendant." Doc. 124, p. 12.

Second, there are no factual allegations that anyone saw either of the Moving Defendants engage in any alleged misconduct directed towards the Plaintiff. There are no averments that either Moving Defendant acknowledged any participation, knowledge or acquiescence in the purported food tampering. Based upon a review of the Amended Complaint there are also no contentions that Davis or Anascavage had any prior contact with Plaintiff or more importantly, any motivation to subject him to the alleged physical abuse. Williams himself acknowledges that he has no evidence that either Davis or Anascavage was involved in the food tampering. The Plaintiff asserts only that they had opportunity to place razor blade pieces in his food is naming them as Defendants solely in an effort to establish whether they had any involvement. Such wholly speculative contentions simply do not satisfy the pleading requirements of Iqbal and Twombly. This determination is furthered bolstered by the fact that the Amended Complaint has alleged that it was Defendants Kitchen and Fetterolf who actually delivered the food trays and were responsible for the placement of razor blade pieces in his food on two separate dates.

Since a review of the Amended Complaint shows that Plaintiff has not set forth any averments which could support a claim that either Anascavage or Davis had personal involvement in any constitutional misconduct and in light of Plaintiff's concessions

that he has no facts whatsoever which could support a claim that they engaged in or acquiesced in the purported food tampering, entry of dismissal in favor of those two Defendants with respect to the wholly speculative claims asserted against them is warranted.[2] An appropriate Order will enter.


                                       S/Richard P. Conaboy
                                       RICHARD P. CONABOY
                                       United States District Judge


DATED: FEBRUARY 13, 2012

---

2. In the event that Plaintiff can present any facts which could support a claim that either Davis or Anascavage engaged in any constitutional misconduct with regards to the two alleged incidents of food tampering, he may file a motion for reconsideration of this ruling within fourteen (14) days of the date of this Memorandum and Order.